IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Raymond Magazine, ) | C/A No. 8:05-2067-TLW-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Report of Magistrate Judge** |
| ) | |
| Warden William White; and ) | |
| Attorney General Henry McMaster, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondents' motion for summary judgment and the plaintiff's motions for summary judgment, for an order directing clerk to provide copies, to appoint counsel, and to amend/correct all filings which may contain personal identifying information.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(C), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on July 28, 2005. On September 19, 2005, the respondents moved for summary judgment. By order filed September 20, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 18, 2005, the petitioner filed a response. In the interim, the plaintiff also filed his own motion for summary judgment on October 24, 2005.

## PROCEDURAL FACTS

The petitioner is a state prisoner currently housed at the Broad River Correctional Institution. In July 1998, the Sumter County Grand Jury issued a five-count indictment against the petitioner for kidnapping, attempted murder, assault and battery with intent to kill ("ABIK"), 1st degree criminal sexual conduct ("CSC"), and possession of a weapon during the commission of a violent crime. (R. pp. 704; 707-08.) The petitioner was initially tried in August 1998. (R. pp. 380; 401.) However, a mistrial was declared after the jury could not reach a verdict. (*Id.*) The petitioner's second trial began December 1, 1998. On December 2, 1998, Judge Cooper granted a directed verdict on the attempted murder count. (R. p. 305.) The jury found the petitioner guilty of kidnapping, assault and battery of a high and aggravated nature ("ABHAN") as a lesser included offense of ABIK, and 1st degree CSC. (R. pp. 386-87.) The petitioner was sentenced to thirty (30) years for the kidnapping, a concurrent thirty (30) years sentence for the CSC and a consecutive ten (10) year sentence for the ABHAN. (R. p. 394.) The petitioner filed a direct appeal raising one issue:

> Whether the trial judge abused his discretion in denying appellant's motion for jury selection outside the county to effect a change of venue protection or alternatively granting his motion for change of venue, when appellant offered proof of an extensive and detailed media report of his first trial and another unrelated offense.

(R. p. 398.) The South Carolina Court of Appeals affirmed the petitioner's convictions and sentences. *State v. Magazine*, Memo. Op. No. 00-UP-200 (S.C. Ct. App. 2000).

On May 4, 2000, the petitioner then filed an application for post-conviction relief ("PCR") raising the following claims:

> 1) Ineffective assistance of counsel;
>
> 2) Trial counsel's failure to move for change of venue;
>
> 3) Trial counsel's failure to move before trial court to dismiss charges;
>
> 4) Were no warrants were issued and where trial court lacked subject matter jurisdiction to try applicant for kidnapping and assault and battery/high and aggravated nature. Plus officer's of the court refuse to allow applicant a preliminary hearing.

(R. p. 416.) On February 14, 2001, the petitioner filed a pro se motion to amend his PCR application raising the following issue:

> Trial counsel ineffective in waiving applicant's preliminary hearing and ineffective in not investigating whether or not "probable cause" existed in applicant being charged with AWIK and the offense of kidnapping.

The petitioner was eventually appointed counsel who then filed another amended PCR application raising the following issues:

> 1) Trial counsel, Charles Brooks, failed to inform the Trial Judge, The Honorable Thomas W. Cooper, Jr. of the specific portion of the newspaper article which clearly referred to the DNA drawn from a prior case which was prejudicial in and of itself in the charges stemming from this case. Further, in regard to the Motion for Change of Venue, no Affidavits were prepared, no witnesses called, the jury was not places upon individual voir dire, there were no questions about any articles in "The Item" and trial counsel failed to articulate the very basis of the Change of Venue Motion.
>
> 2) Trial counsel failed to use peremptory challenges in the second striking of the jury in this case. The jury was first selected and trial counsel used seven challenges to the jurors as they were called. When the state's Batson Motion was granted and the jury was re-struck, counsel for the applicant only used one strike and allowed people on the jury that clearly would not have been favorable to the defense. Some of the jurors were even marked by trial counsel as being a negative to the defense and other clearly by their employment or

3

employment of their spouses should have been stricken. In addition, trial counsel failed to move to eliminate or strike certain jurors from the panel for cause based upon their employment, their relationship with witnesses of the state or problems they had in their past or their family had as victims of crime.

3) Trial counsel failed to object to the photo line-up wherein the victim indicated she thought her assailant was photo number 2 but she "could not be sure". Trial counsel allowed in-court identification be made without objection. Trial counsel failed to provide a setting that would at least present the victim with a challenge as to the identification of the defendant. The only person in the courtroom for the identification was the applicant and his counsel. The failure to make this objection allowed all the evidence in that the defendant had been identified without question by the victim and then the trial court, after the fact, had a hearing to determine if the in-court identification was proper.

4) Trial counsel failed to raise the issue of assault and battery of a high and aggravated nature being a lesser included defense of criminal sexual conduct. The applicant was convicted of assault and battery of a high and aggravated nature and sentenced to serve ten years.

5) Trial counsel failed to object to the testimony of Judge William Sanders, Magistrate, on the basis that he was a judicial officer and that his testimony would unduly prejudice the rights of the applicant at trial. The testimony of Judge Sanders was really irrelevant to any issue before the Court but was allowed. The sole reason for not allowing a trial judge or other judge to testify is that the very testimony of a judge would unduly prejudice a defendant's rights before a jury panel. The State did exactly what you would expect in that they argued to the jury that the defendant had "lied to the judge" when he said he was out of town and did not rape the victim. The State argued "well he may have been out of town but his semen was in town and therefore he was the culprit and was also a liar". This position, Judge Sanders being a judge, is in addition to the prior position that the judge's testimony was irrelevant and highly prejudicial. The applicant further contends that his counsel did not object in that the bond proceeding should have been a bond proceeding only. It should not have been any Miranda issue arising at a bond proceeding. The state could

have used other witnesses to offer the applicant's "spontaneous declaration" but they could not get the Miranda warnings in without offering the trial judge. To allow the magistrate to testify in this case was highly prejudicial and was not objected to by trial counsel on that basis.

6) Trial counsel failed to timely and adequately object to the introduction of a blood sample given from a prior arrest in 1996. That blood sample was given on a voluntary basis and even though the trial judge went to great lengths to insure the jury did not know of it's connection to another case )the defendant has never been convicted of that other case or put to trial). The state's witnesses were allowed to testify that the defendant voluntarily gave his blood in this case and also connect up the chain of evidence. Objections should have been taken to the use of that blood sample. The state had every opportunity to take a new blood sample in this case if they had elected to do so.

7) Trial counsel failed to fully investigate the case, to research DNA testing or to secure the assistance of an expert in the field to assist with the cross-examination of the state's expert.

8) Trial counsel for the applicant failed to take sufficient time to meet with the applicant prior to his trial in August of 1998 and in December of 1998. trial counsel failed to secure sufficient background information, consider character witnesses or prepare the defendant to testify. The applicant is a high school graduate who has worked long hours for a number of years with Sumter Builders.

9) Trial counsel failed to adequately investigate the record considering criminal convictions of the applicant could be advised as to the risk, if any, to his testimony.

10) Trial counsel failed to notify the applicant of the total charges against him, the nature of these charges, the penalty associated with them and the elements necessary for the state to prove each charge. Trial counsel also failed in allowing the case to go forward when the applicant was never served with the indictment nor arraigned on any charges other than the original arrest warrant for criminal sexual conduct.

11) Trial counsel failed to move for a mis-trial when juror number 9, Mrs. Blackwell, said during the course of the trial

>and after the testimony of Dana Wingate, that she knew Mr. Wingate and had met him on several occasions. This is especially difficult to understand when Mrs. Blackwell worked for the Department of Juvenile Justice. One explanation for the failure to move for a mis-trial or to remove this juror could be the jury as assimilated considering the strikes or failure to make strikes by counsel for the applicant.

(R. p. 412-13.)

On April 30, 2002, the PCR court requested further briefing on eleven issues:

>1) The Defendant was never served and arraigned on certain charges. Applicant claims ineffective assistance of counsel for failing to dismiss the charges on these grounds. It may be that Applicant's position is that the Court lacked jurisdiction because of this failure to serve and/or arraign the Defendant.
>
>2) Ineffective assistance of counsel for failing to properly bring to the Court's attention the grounds for the motion for change of venue.
>
>3) Ineffective assistance of counsel in waiving the preliminary hearing.
>
>4) Ineffective assistance of counsel in the selection of the second jury after the Batson motion was granted.
>
>5) Ineffective assistance of counsel in the procedure regarding the in court identification.
>
>6) Ineffective assistance of counsel for failure to request a charge of assault and battery of a high and aggravated nature as a lesser included offense of CSC 1st degree.
>
>7) Ineffective assistance of counsel in not objecting tot he testimony per se of Magistrate Sanders as a judicial officer under SCRE Rule 605 and appropriate case law.
>
>8) Ineffective assistance of counsel for failure to object to the chain of custody regarding the blood samples.
>
>9) Ineffective assistance of counsel for failure to object or challenge six jurors on the panel who were connected to witnesses for the State.

> 10) Ineffective assistance of counsel in the closing argument made by defense counsel when he raised the inference of consensual sex when the opening statement and position was that the Defendant was not present.
>
> 11) Ineffective assistance of counsel in advising the Defendant not to testify when there was no criminal record by which he could have been impeached.

(R. p. 305.)   On July 26, 2002, the PCR court granted the petitioner relief on three grounds:

> 1) The petitioner received inadequate notice of all the charges, except CSC;
>
> 2) Trial counsel was ineffective during jury selection; and
>
> 3) Trial counsel was ineffective for failing to request a charge on ABHAN as a lesser included offense of CSC.

(R. pp. 650-661.) Both the State and the petitioner appealed.  The petitioner raised the following issue:

> Whether there was any evidence to support the PCR judge's findings that trial counsel was not effective in advising respondent/the petitioner not to testify?

On December 6, 2004, the South Carolina Supreme Court reversed the PCR court's grant of relief. *Magazine v. State*, 606 S.E.2d 761 (S.C. 2004).

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Because the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000) (plurality opinion). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## DISCUSSION[1]

**GROUND ONE**

In Ground One, the petitioner asserts he was not arraigned and he was improperly

---

[1] The respondents concede the petitioner has generally exhausted his state remedies. (Resps.' Mem. Supp. Summ. J. at 9.)

9

indicted for multiple counts following his arrest for only one offense.  (Pet. 5.)  In essence, the petitioner contends he did not have notice of the offenses with which he was charged.  On January 29, 1998, the petitioner was arrested on a warrant for 1st degree CSC only.  Later, the grand jury indicted the petitioner on five charges: kidnapping, attempted murder, ABIK, 1st degree CSC, and possession of a weapon during commission of a violent crime.  The petitioner asserts that the issuance of a multi-count indictment following a one-charge arrest warrant was an improper amendment and he was not provided with sufficient notice of the additional charges.  (Pet.'s Mem. Supp. Habeas Pet. 1-3.)

In his amended PCR application, the petitioner contended that trial counsel was ineffective for failing to notify the petitioner of the charges against him and allowing the case to go forward when the petitioner had not been served with the indictment or arraigned.   At the PCR hearing, trial counsel testified that he did not recall the petitioner ever being arraigned on the indictment, nor did he recall the indictment otherwise being served on the petitioner.    Trial counsel testified that he did not consider making any sort of jurisdictional argument based upon the petitioner's failure to be served with any indictment.  (R. pp. 557; 566.)  At the PCR hearing, the petitioner testified that he was never arraigned and he was not served with the indictment.  The petitioner testified that his trial counsel did not inform him about the other charges he was facing. (R. p. 595.)  However, the petitioner testified that  the charges were read out to him by the trial judge at the beginning of his first trial in August 1998 and his second trial in December 1998.  (R. p. 615-16.)

The PCR judge granted relief on this issue and held the petitioner was not given adequate notice of the charges except for the CSC charge on the arrest warrant.  However,

the South Carolina Supreme Court reversed finding there was no constitutional violation because the petitioner had been informed by the trial judge of the other charges at the beginning of both trials. *Magazine v. State*, 606 S.E.2d 761, 764 (S.C. 2004).

"[D]eficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process. *Ashford v. Evans*, 780 F.2d 405, 407 (4th Cir.1985). Due process and the Sixth Amendment both require that an accused have notice of the charges against him. *Hartman v. Lee*, 283 F.3d 190, 194 (4th Cir. 2002). These constitutional requirements are satisfied if the petitioner had actual notice of the charges at some point prior to resolution of the case. *See Hartman*, 283 F.3d at 195 (stating that notice from charging documents is not the only constitutionally sufficient means of notice). *See also Stephens v. Borg*, 59 F.3d 932 (9th Cir. 1995)(holding failure to charge felony murder in indictment was not a constitutional violation where defendant had five days of actual notice prior to closing argument). The petitioner actually went through an entire trial four months earlier on the same charges which ended in a mistrial. Clearly, following the mistrial, the petitioner has actual notice of the charges he would be facing in his second trial. Accordingly, the South Carolina Supreme Court's decision was not objectively unreasonable.

The petitioner also contends he was not given a preliminary hearing after he requested one. Initially, the undersigned notes that this issue is procedurally barred. At the PCR hearing, the petitioner argued that trial counsel was ineffective for waiving the petitioner's request for a preliminary hearing. (R. p. 448.) The issue was raised in the

11

context of an ineffective assistance claim and the PCR Court rejected the claim finding that there was no evidence of prejudice. (R. p. 656.)  The South Carolina Supreme Court denied certiorari.

The present allegation is not raised in the context of an ineffective assistance claim and therefore was not fairly presented to the state court.  Accordingly, the issue is now procedurally barred. *See, e.g. Coleman v. Thompson*, 501 U.S. 722 (1991) (holding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).  In any event, this claim also falls on the merits.  There is no constitutional right to a preliminary hearing, as long as there is some determination of probable cause prior to an extended restraint of liberty following arrest. *See United States v. Kabat*, 586 F.2d 325 (4th Cir. 1978).  Furthermore, in South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury or waives presentment before the preliminary hearing can be held.  Rule 2(b), SCRCrimP.  Here, the petitioner was indicted by the grand jury on all charges, which satisfies any federal constitutional concerns as to a determination of probable cause.

Based solely upon a South Carolina statute, the petitioner also contends his indictment was a nullity because it was issued after his request for a preliminary hearing but before a hearing was held. *See* S.C. Code Ann. § 22-5-320 (1976)(providing when a preliminary hearing demanded, case shall not be transmitted to grand jury nor jurisdiction transmitted to the court until preliminary hearing held.)  Initially, the undersigned notes that the South Carolina Supreme Court struck down this statute as violative of the state constitution in 1982. *State v. Keenan*, 296 S.E.2d 676 (S.C. 1982); *State v. Hawkins*, 425

S.E.2d 50, 55 n.2 (S.C. Ct. App. 1992).  Furthermore, claims involving the application of a state statute are not cognizable in federal habeas actions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding "[i]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.")

The petitioner also asserts a subject matter jurisdiction claim based upon the single charge warrant's amendment into a multiple-count indictment.  Initially, the undersigned notes the issue is procedurally barred as it was not presented to the state courts during PCR or on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722 (1991) (holding issue not properly raised to the state's highest court, and procedurally impossible to raise now, is procedurally barred from federal habeas review).  Furthermore, subject matter jurisdiction is not a cognizable claim in federal habeas corpus. *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998) (citing *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976).  Accordingly, based on the foregoing, these claims are without merit.

### GROUND TWO

In Ground Two, the petitioner contends trial counsel was ineffective during jury selection. (Pet. at 5.)  At trial, the trial court granted the State's *Batson* motion regarding trial counsel's use of peremptory strikes. (R. pp. 51-52.)  The jury was redrawn and trial counsel used two peremptory challenges - one during selection of the actual jury and another during selection of the alternates. (R. pp.51-59.)   At the PCR hearing, trial counsel testified that he wrote his observations of each juror. (R. pp. 478-81.)  Trial counsel stated that because the victim was white and petitioner black, he was concerned about issue of race, and preferred to seat black female over 40 years old on the jury. (R.

pp. 483-85.)   Trial counsel admitted that some of the jurors he struck the first time were on the jury the second time, but he testified his initial strategy of getting a minority jury was not race neutral. (R. pp. 488-91.)   Trial counsel further agreed that once the first jury was struck down, he was "gun shy" about using his strikes.  (R. pp. 502-03.)

The PCR court found counsel was ineffective because he did not intelligently evaluate each jury and have a "plan or theory" when selecting the second  jury.  (R. pp. 656-57.)   On appeal, the South Carolina Supreme Court disagreed and reversed holding that although trial counsel was deficient, there was no evidence of prejudice.  Specifically, there was no evidence that the petitioner's right to a fair and impartial jury was violated. *See Magazine*, 606 S.E.2d at 765.  This South Carolina Supreme Court's decision is not objectively unreasonable..

Any voir dire error must be egregious and obvious.  *See, e.g. Yeatts v. Angelone*, 166 F.3d 255, 265 (4th Cir. 1999).  Additionally, the petitioner must show actual prejudice to succeed on a claim that his counsel was deficient in jury selection.  *James v. Harrison*, 389 F.3d 450 (4th Cir.  ); *United States v. Rone*, 378 F.3d 382 (4th Cir. 2004) (finding no prejudice established from counsel's failure to ask "reverse-Witherspoon" questions in voir dire where the judge's questions were sufficient).

Here, there was no evidence of any actual bias or impartiality of any of the jurors who sat on the jury in the petitioner's case.  Accordingly, the petitioner has failed to show any actual prejudice.  Therefore, the South Carolina Supreme Court's decision did not apply clearly established federal law erroneously or incorrectly nor was it  objectively unreasonable.

14

**GROUND THREE**

In Ground Three, the petitioner asserts trial counsel was ineffective for failing to request a charge on ABHAN as a lesser included offense of 1st degree CSC. (Pet. at 6.) The trial judge charged ABHAN as a lesser included offense of ABIK. At the PCR hearing, trial counsel stated that he was not aware "at the time" that ABHAN could be considered a lesser included offense of 1st degree CSC, but he also testified that he could not recall whether he had researched that issue. (R. pp. 565-66.) The PCR judge granted relief on this issue finding that the facts of the case justified the charge. (R. pp. 657-58).

On appeal, the South Carolina Supreme Court reversed the PCR court's grant of PCR. The court reasoned that there was no evidence of ABHAN based upon the petitioner's testimony at the bond hearing and PCR hearing that he was out of town on the day of the crime and the fact that the petitioner did not testify or offer any evidence at trial to conflict with the victim's version of CSC. *Id*. at 766.

The South Carolina Supreme Court's decision that an ABHAN charge was not warranted under these facts is a state law decision that is unchallengeable in federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state court determinations on state-law questions."). Accordingly, trial counsel was not deficient for failing to raise the issue and the petitioner has not shown any prejudice.

In any event, under South Carolina case law, ABHAN is only warranted as a lesser included offense of CSC if there is some evidence that a mere fight happened to the exclusion of any evidence of CSC. *Dempsey v. State*, 610 S.E.2d 812 (S.C. 2005) (holding

15

ABHAN charge not warranted; while there was evidence of conduct that could have been construed as ABHAN during the sexual batteries, there was no evidence such conduct occurred to the exclusion of the sexual batteries); *State v. Fields*, 589 S.E.2d 792 (S.C. Ct. App. )(holding ABHAN charge not warranted even though defense counsel suggested in argument that sex was consensual, where no evidence of consensual sex was presented, and victim's uncontradicted testimony was of a sexual battery).  Here, there was no evidence that the petitioner committed only an ABHAN.  The petitioner did not testify at trial and the victim testimony's that the petitioner forced her to engage in a number of sexual acts was uncontradicted. (App. 98-114.)  The petitioner's defense was that he was not the person who committed this crime.   Therefore, the petitioner was not entitled to a ABHAN charge and accordingly the South Carolina Supreme Court's decision did not apply clearly established federal law erroneously or incorrectly nor was it  objectively unreasonable.

### GROUND FOUR

In Ground Four, the petitioner contends trial counsel was ineffective for failing to effect a change of venue for the trial.  (Pet.'s Mem. Supp. Habeas Pet. at 5.)  Trial counsel moved for a change of venue based upon newspaper articles referring to DNA testing and other charges pending against the petitioner.  The trial court denied the motion because none of the jurors expressed prior knowledge of the case nor stated that they could not be a fair and impartial juror based on pre-trial publicity or preconceived notions of guilt or innocence.  (R.  pp. 65-70.)  The PCR judge rejected a claim of ineffective assistance holding that trial counsel raised the issue and thus it was  direct appeal issue.  (R. pp. 655-56.)  The state supreme court denied certiorari.

Mere exposure to pretrial publicity does not automatically disqualify a juror, and it is not improper to deny a change of venue when jurors are able to lay aside any impressions or opinions and give a verdict based only on the evidence. *State v. Kelsey*, 502 S.E.2d 63 (S.C. 1998). The defendant has the burden of showing actual juror prejudice as a result of the publicity. State v. Owens, 359 S.E.2d 275 (1987).

Here, the petitioner presented no evidence of actual juror prejudice.[2] No jurors testified at the PCR hearing and no other evidence of actual bias was presented there. (R. pp. 665-68. There is simply no indication of any prejudice from pretrial publicity. *See generally United States v. Lane*, 811 F.2d 1166, 1171-72 (7th Cir. 1987) (finding counsel not deficient for failing to move for a venue change where there was insufficient proof of presumed prejudice, particularly due to the fact that the most recent pretrial article appeared a full eight months prior to trial). Therefore, the state court's decision did not apply clearly established federal law erroneously or incorrectly nor was it objectively unreasonable.

**GROUND FIVE**

In Ground Five, the petitioner raises numerous claims, many of which have been addressed in his other four grounds. (Pet.'s Mem. Supp. Habeas Pet. at 6-9.) However, the petitioner asserts three additional claims based upon trial counsel's failure to investigate and prepare for trial. (*Id.* at 7.) Specifically, the petitioner contends that trial counsel failed: to object to the introduction of a blood sample from a prior arrest in 1996;

---

[2]The articles were from three months prior to the actual trial which resulted in convictions, and were primarily factual in reporting. Indeed, the fact that they refer to the mistrial over jury inability to resolve factual issues is arguably beneficial to The petitioner.

17

to research DNA and hire an expert witness; and to get sufficient background information, particularly regarding the petitioner's work twenty year history, and character witnesses. (*Id*.)  These issues were raised in the petitioner's amend PCR application.  (R. p. 413.)

At the PCR hearing, without actually ruling on the issue, the PCR judge pointed out that any issue as to DNA was pointless unless the petitioner had some actual DNA evidence that would call the trial results into question.  (R. pp. 512-523.)  The PCR judge specifically rejected the allegation that trial counsel was ineffective for failing to object as to the chain of custody on the blood sample finding that the chain of custody had been sufficiently established in the record.  (R. pp. 658-59.)

As an initial matter, any issue other than trial counsel's alleged failure to properly object to the blood sample is procedurally barred, as it was not ruled upon by the judge, and thus not preserved for review by the state's highest court.  *See, e.g. Coleman v. Thompson,* 501 U.S. 722 (1991) (holding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).  *See Plyler v. State*, 309 S.C. 408, 424 S.E.2d 777 (1992) (holding issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment).

In any event, the issues are without merit.  The petitioner contends the blood sample was taken from evidence in another case.  However, he offers no proof of this allegation. *See generally Beaver v. Thompson*, 93 F.3d 1186, 1995 (4th Cir. 1996) (rejecting claim that counsel was ineffective for failing to present mitigation evidence family members,

18

where there was no proffer of this testimony); *Bassette,* 915 F.2d 932 (holding the petitioner's allegation that attorney did ineffective investigation does not support relief absent proffer of the supposed witness's favorable testimony). Additionally, the record supports the PCR judge's ruling that the chain of custody was established. (R. 659.) The doctor who took the blood testified that he gave it to an investigator, Tommy Barron. (R. p. 253.) Barron, an investigator with the Sumter County Sheriff's Office, testified that he gave the blood sample to the Sumter County Sheriff's Office's Evidence Custodian, Melissa Bradley. (R. p. 257.) Bradley testified she sent the sample to SLED for testing and received it back after testing. (R. pp. 260-61.) Accordingly, this claim is without merit.

As to the petitioner's other allegations, the PCR judge did not expressly rule as whether trial counsel was ineffective for failing failure to hire a DNA expert or present character evidence regarding the petitioner's longtime employment. Accordingly, these issues are procedurally barred. In any event, the petitioner has not presented any evidence whatsoever to call the DNA results into conflict. Further, the petitioner has offered no prejudice regarding trial counsel's failure to hire a DNA expert or present evidence that the petitioner had worked for the same employer for twenty years. Accordingly, these claims are without merit.

## CONCLUSION

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment be GRANTED; the Petitioner's Motion for Summary Judgment be DENIED; and the habeas petition be DISMISSED with prejudice.

It is further RECOMMENDED, if the district court adopts this report, that the

Petitioner's Motions for an Order directing clerk to provide copies; to appoint counsel; and to amend/correct all filings be DENIED, as moot.

    IT IS SO RECOMMENDED.

                                S/Bruce H. Hendricks
                                United States Magistrate Judge

August 14, 2006
Greenville, South Carolina